Dudley W. McKay, Jr., was convicted of the crime of perjury and he appeals.
Affirmed.
The appellant, Dudley W. McKay, Jr., was convicted in the Criminal Court of Record of Duval County, Florida, for the crime of perjury, as defined by Section 837.02, F.S.A., and by the court sentenced to serve a period of seven years at hard labor in the State Prison. He has perfected an appeal here and contends: (1) that the evidence is legally insufficient to sustain the verdict of the jury and judgment based thereon; (2) that the admission into evidence, over objections of counsel, of the testimony and record, with exhibits, offered by the State when the appellant was on trial in the same court for the crime of grand larceny was erroneous; (3) that the cross examination by the County Solicitor of the defendant below on the proceedings of criminal prosecution for the crime of grand larceny was harmful error; (4) that alleged prejudicial remarks by the County Solicitor to the jury during the progress of the trial were error.
It appears from the testimony that the appellant had been tried in the Criminal Court of Record of Duval County, Florida, and acquitted of the larceny of $1286.63, property of a co-partnership trading as Southern Truck Lines. The State contended in the case at bar that Dudley W. McKay, Jr., committed perjury when testifying in his own behalf during the progress of the grand larceny trial in which he was by the jury found not guilty.
It was the State's contention in the court below and is here that the following testimony was false and willfully given by the appellant when testifying in his own behalf when being tried under the grand larceny charge viz:
"I have examined check number 2132 in the sum of $470.00 (meaning State's Exhibit No. 2, in the trial of the cause aforesaid). It was for a balance due Younce Service Station (meaning a balance due one Fred H. Younce, of Charlotte, North Carolina, by Charles I. Myers, John Marshall and Dorothy C. Green, co-partners, trading as Southern Truck Lines). That check was drawn to me specifically for the purpose of settling that account. I made the check payable to myself instead of to Mr. Younce under the direction of Mr. Marshall and Mr. Myers. Mr. Younce came to Jacksonville (meaning Jacksonville, Florida) for it and went to the Florida National Bank with me and got the money. The entire amount of that check was paid to Mr. Younce. I took a receipt from Mr. Younce. It is in the file (meaning the file of the said Southern Truck Lines). I told Mr. Marshall (meaning John Marshall) that Younce was down there (meaning that Fred H. Younce was in Jacksonville, Florida). * * *"
In the perjury case now before us the County Solicitor introduced into evidence a transcript of the record and testimony, inclusive of exhibits, among which was a check for $470.00 issued by the Southern Truck Lines and prepared for the signatures of the company's officials by the appellant employed as a bookkeeper. Fred H. Younce and Leonard McLauren were called as witnesses for the State and testified that the $470.00 was not delivered by the appellant on the 7th or 8th of January, 1946, in Jacksonville, Florida, and did not on said date go with the appellant to the Florida National Bank and cash the check; neither was a receipt for the money signed and delivered to the appellant in Jacksonville, *Page 700 
Florida, because at the time the witness Younce was in Charlotte, North Carolina.
We have given careful consideration to the several questions and assignments argued here for a reversal; the cited authorities in support thereof have been examined and it is our conclusion that the appellant has failed to show reversible error.
Affirmed.
THOMAS, C.J. and TERRELL and HOBSON, JJ., concur.